233 So.2d 195 (1970)
CONTINENTAL INSURANCE CO., a New York Corporation, Appellant,
v.
Milton J. WALLACE, Appellee.
No. 69-598.
District Court of Appeal of Florida, Third District.
March 10, 1970.
Rehearing Denied April 13, 1970.
Dixon, Bradford, Williams, McKay & Kimbrell, and A.H. Toothman, Miami, for appellant.
*196 Meyer M. Brilliant and Franklin D. Kreutzer, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
Milton J. Wallace purchased an automobile liability insurance policy under which the ultimate coverage was provided by The Continental Insurance Company.
While this policy was in effect he was involved in a serious accident which was the fault of a third party. The third party carried automobile liability insurance within the limits as required by Florida law. See § 324.021(7) and § 324.151(1) (a), Fla. Stat., F.S.A.
Wallace recovered the policy limit of $10,000 from the third party's insurance company and $5,211.00, all that was available, from the estate of the third party. He then gave a release to the third party without objection from Continental.
His policy with the coverage provided by Continental contained a limit of $20,000 for protection against uninsured motorists and the other usual liability coverages. Since his damages were at least in the amount of $20,000, he made a claim against Continental for the difference between what he actually recovered from the third party ($15,211.00) and the policy limit of his uninsured motorist coverage of $20,000. They refused to pay; he sued and recovered a final judgment in the trial court for the difference of $4,789.00. Continental has appealed.
Section 627.0851(2), Fla. Stat., F.S.A., defines an uninsured vehicle:
"For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency."
It has been held that this statute established the public policy of this state to be that every insured as defined in the policy is entitled to recover under his uninsured motorist policy the damages he would have been able to recover from the offending motorist if that motorist had maintained a policy of liability insurance. Harmon v. State Farm Mutual Automobile Insurance Company, Fla.App. 1969, 232 So.2d 206, filed February 13, 1970; Travelers Indemnity Company v. Powell, Fla.App. 1968, 206 So.2d 244; and Davis v. United States Fidel. & G. Co. of Baltimore, Md., Fla.App. 1965, 172 So.2d 485.
The terms and conditions of the uninsured coverage provided by this policy are:
"Protection Against UNINSURED MOTORISTS COVERAGE: The Company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; * * *" (emphasis added).
"Uninsured highway vehicle" means:
(a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident *197 but the company writing the same denies coverage thereunder or. * * *" (emphasis added).
Here, the third party tort-feasor had insurance in the amount that was required under Florida law. The third party not only had liability insurance but coverage was not denied by his insurance company as it paid Wallace $10,000 under the coverage and limits of its policy. Clearly, the third party was not an uninsured motorist in this case so the uninsured motorist coverage provided by Continental never came into operation.
We have considered the other points argued by the appellee for affirmance and find them to be insufficient in law. The final judgment is reversed and the cause remanded for entry of the final judgment for the insurance company.
It is so ordered.