296 So.2d 599 (1974)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Merlin E. BUTT, Individually, As Husband of Marilyn J. Butt, and As Father, Natural Guardian and Administrator of the Estate of Nancy Lynn Butt, a Minor, Deceased, Appellees.
No. 73-1265.
District Court of Appeal of Florida, Third District.
June 11, 1974.
Rehearing Denied July 12, 1974.
*600 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Thomas E. Scott, Jr., Miami, for appellant.
Podhurst, Orseck & Parks, Miami, Bernard H. Butts, Jr., Hialeah, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
On April 28, 1972 Nancy Lynn Butt, the minor daughter of Merlin E. Butt, was fatally injured by an automobile negligently driven by Annie Mosley, owned by her husband James Mosley. Merlin Butt held an automobile liability indemnity policy, with $10,000 uninsured motorist coverage, issued by appellant Government Employees Insurance Company, herein referred to as GEICO. Mosley was insured by an automobile liability policy issued by Safeco Insurance Company, with a $10,000 limit applicable here. A wrongful death and survivor action resulted against Mosley and his insurer, representing a claim conceded to be in excess of $20,000 in value. Mosley's insurer paid the claimants the policy limit of $10,000.
Butt, individually and as administrator of the estate of the decedent, filed this action for declaratory judgment, seeking a determination of whether the claimants were entitled to recover from Butt's insurer, GEICO, uninsured motorist coverage of $10,000, in addition to receiving the $10,000 from third party tort-feasor's liability insurer. The trial court held the uninsured motorist coverage of $10,000 was recoverable from GEICO by the claimants. In that regard the judgment contained the following:
"1. Summary Final Judgment be and the same hereby is entered in favor of the plaintiff on the issue of coverage; and the Court declares that the uninsured motorist coverage under the policy issued by the defendant is available to the plaintiff and applicable to this case as excess insurance over the limits of the tort-feasor's liability insurance, to the limits of $10,000.
We hold that in so ruling the trial court was incorrect, and that the judgment must be reversed.
In effect at the time involved was § 627.0851, relating to uninsured motorist insurance coverage, as enacted by Chapter 71-88, Laws of Florida 1971. Applicable to the question involved here, that Act contained the following language:
"* * * The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured under any workmen's compensation law, disability benefits law or any similar law, under any automobile liability or automobile medical expense coverages, or from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or *601 severally liable together with such owner or operator for the accident. * * *"
The amount or limit of the uninsured motorist coverage ($10,000) was no greater than the amount of the liability insurance provided by the third party tort-feasor. To allow recovery to the former, following payment of the latter, would constitute a duplication.
For example, under this law as amended in 1973, by Chapter 73-180, wherein the above quoted language of the prior Act is repeated [with no change other than certain different punctuation] it is provided in an additional section that for the purpose of such coverage "uninsured motorist vehicle" shall be deemed to be an insured motor vehicle where the liability insurer thereof "Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage."
Under the statute as presently applicable, it is clear that in an instance where the amount of uninsured motorist coverage, under a policy held by an insured, is greater than the third party tort-feasor's liability insurance coverage, and the recoverable damages exceed the latter, that part of the claimant's uninsured motorist coverage which is in excess of the amount paid on the claim by the tort-feasor or by his insurer will be payable, up to the limit of the uninsured motorist coverage, as may be necessary in satisfaction or partial satisfaction of the claim.
Therefore, even under the law as now in effect, recovery could not be had from the uninsured motorist coverage in this situation, where, as stated above, the uninsured motorist coverage was only equal to, and did not exceed the amount recoverable on the tort-feasor's liability insurance policy, because to do so would be a prohibited duplication payment.
For the reasons stated, the judgment is reversed.