305 So.2d 372

Leon **WILBOURN**, as guardian of the Estate of Edward R. Wilbourn, a minor,

v.

**ALLSTATE INSURANCE COMPANY**, a foreign corporation.

**SC 871.**

Supreme Court of Alabama.

Dec. 19, 1974.

Martinson & Beason, Huntsville, for appellant.

Camp, Page, Williams & Spurrier, Huntsville, for appellee.

MADDOX, Justice.

This appeal presents a question of first impression involving *uninsured* motorist coverage in an automobile liability insurance policy.

The tortfeasor had insurance with policy limits as set out in Alabama's Financial Responsibility Law, but insurance was not enough to cover plaintiff's injuries. In other words, the tortfeasor was not *uninsured;* he was *underinsured.*

The facts are undisputed and stipulated. Plaintiff, Edward R. Wilbourn, a minor, was injured in a single car accident while riding in an automobile operated by Roy Michael Echols, a minor. The car was owned by Betty Echols, mother of Roy Michael Echols. The Echols' vehicle was insured up to $10,000 for bodily injury to one person in a single accident under a policy of liability insurance issued to Betty Echols.

Plaintiff Wilbourn was insured under an automobile liability policy issued to his father by Allstate Insurance Company. The uninsured motorist provisions of that policy provides up to $10,000 for each person, and up to $20,000 for each accident.

It was agreed that $10,000 was the total amount of liability insurance available to

the tortfeasor to pay for plaintiff Wilbourn's injuries. Wilbourn's estate was paid this available sum of $10,000, but everyone admits that damages to Wilbourn greatly exceed this amount.

Plaintiff filed this action against Allstate seeking to recover the maximum amount under his uninsured motorist coverage. He alleged that he sustained bodily injuries in excess of both the $10,000 paid by tortfeasor's carrier and of the $20,000 maximum in his own uninsured motorist coverage. Because the tortfeasor was uninsured for the amount of plaintiff's actual injuries, plaintiff claims the accident arose out of the ownership, maintenance, or use of an "uninsured automobile" as defined in his policy.

In its answer, Allstate denied that either Betty Echols or Roy Michael Echols was an *uninsured* motorist. Both parties moved for summary judgment. The court granted Allstate's motion for summary judgment. Plaintiff appeals.

■ We affirm. As we view the matter, the tortfeasor was not *uninsured,* he was *underinsured.*

Alabama's statutory provision relating to uninsured motorist coverage is contained in Act No. 866, Acts, 1965, p. 1614, carried as Title 36, Section 74(62a), Code of Alabama, 1940 (Recomp.1958). It provides:

"No automobile liability or moter (sic) vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section (5, of the Motor Vehicle Safety-Responsibility Act Code 1958, Title 36, Sec. 74(46)),

under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."

The limits in Alabama's Financial Responsibility Act are " * * * not less than $10,000 because of bodily injury to or death to one person in any one accident and, subject to said limit for one person, to a limit of not less than $20,000 because of bodily injury to or death of two or more persons in any one accident, and, if the accident has resulted in injury to or destruction of property, to a limit of not less than $5,000 because of injury to or destruction of property of others in any one accident." Act No. 578, Acts, 1965, p. 1075, carried as Title 36, Section 74(46), Code of Alabama, 1940 (Recomp.1958).

■ It is well-settled and common knowledge that a motorist or a vehicle carrying no liability insurance is "uninsured." Courts have also found motorists were "uninsured," in other situations: (1) policy limits are below the statutory minimum, (2) the policy fails to cover the injury involved, (3) the insurer becomes insolvent after the policy is issued so there is no insurance applicable to, or at the time of, the accident, (4) the owner or operator of the vehicle causing the accident is unknown, commonly classified as a "hit-and-run" case. See generally, Annotation: "Automobile Insurance: What Constitutes an 'Uninsured' or 'Unknown' Vehicle or

Motorist, Within Uninsured Motorist Coverage," 26 A.L.R.3d 883.

Several courts have considered almost the identical question raised by the plaintiff here. They have decided that if the tortfeasor had insurance up to the statutory limits, he was not "uninsured." See Curry v. Travelers Ins. Co., 301 So.2d 757 (La.App.1974); Lange v. State Farm Mut. Auto Ins. Co., 300 So.2d 68 (Dist. App.Fla.1974); Gov't Employees Ins. Co. v. Butt, 296 So.2d 599 (Dist.App.Fla.1974); Villarreal v. Texas Farmers Ins. Co., 510 S.W.2d 633 (Tex.Civ.App.1974); Golphin v. Home Indemnity Co., 284 So.2d 442 (Dist.App.Fla.1973); Kemp v. Fidelity & Casualty Co. of New York, 504 S.W.2d 633 (Tex.Civ.App.1973); Allstate Ins. Co. v. Pesqueria, 19 Ariz.App. 528, 508 P.2d 1172 (1973); McMinn v. New Hampshire Ins. Co., 276 So.2d 682 (Miss.1973); Lund v. State Farm Mut. Auto Ins. Co., 342 F. Supp. 917 (W.D.Okl.1972); Scherr v. Drobac, 53 Wis.2d 308, 193 N.W.2d 14 (1972); Continental Ins. Co. v. Wallace, 233 So.2d 195 (Dist.App.Fla.1970); Harsha v. Fidelity General Ins. Co., 11 Ariz. App. 438, 465 P.2d 377 (1970); Smiley v. Estate of Toney, 44 Ill.2d 127, 254 N.E.2d 440 (1969); Detrick v. Aetna Casualty & Surety Co., 261 Iowa 1246, 158 N.W.2d 99 (1968).

We note that other courts have found that a tortfeasor could be "uninsured," even though he had some insurance. See Porter v. Empire Fire and Marine Ins. Co., 106 Ariz. 274, 475 P.2d 258 (1970); Taylor v. Preferred Risk Mutual Ins. Co., 225 Cal.App.2d 80, 37 Cal.Rptr. 63 (1964); White v. Nationwide Mutual Ins. Co., 361 F.2d 785 (4th Cir. 1966); Allstate Ins. Co. v. Fusco, 101 R.I. 350, 223 A.2d 447 (1966); Carrignan v. Allstate Ins. Co., 108 N.H. 131, 229 A.2d 179 (1967); Charest v. Union Mutual Ins. Co. of Providence, 313 A.2d 407 (N.H.1973); Gay v. Preferred Risk Mutual Ins. Co., 314 A.2d 644 (N.H.1974). Under the facts of this case here, however, we cannot say that the tortfeasor was "uninsured"—he was simply *under*insured in relation to Wilbourn's damages.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.