330 So.2d 236 (1976)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Corporation, Appellant,
v.
Jesse FARMER et al., Appellees.
No. AA-375.
District Court of Appeal of Florida, First District.
April 13, 1976.
*237 H. Franklin, Perritt, Jr., Marks, Gray, Conroy & Gibbs, and Jeffrey D. Dunn, Jacksonville, for appellant.
William C. Gentry, Bedell, Bedell, Dittmar & Zehmer, Jacksonville, for appellees.
RAWLS, Judge.
Once again Government Employees Insurance Company (GEICO) challenges the concept of stacking of uninsured motorist coverage. The specific issue here presented relates to "under insured motorist coverage".
Appellee-plaintiff Jesse Farmer purchased uninsured motorist coverage from GEICO upon three vehicles. One policy covered two vehicles which provided coverage with limits of $20,000 per person and $40,000 per occurrence. A second policy purchased from GEICO by Farmer provided uninsured motorist coverage on the third vehicle with limits of $10,000 per person and $20,000 per occurrence. Farmer paid a premium for each coverage.[1] Farmer was injured as a result of being struck by an automobile insured under a $10,000 per person liability limit. Suit was filed by Farmer against the alleged tortfeasor and joining GEICO as an excess insurance carrier pursuant to his uninsured motorist coverage with GEICO. The trial court granted Farmer's motion for summary judgment holding that:
"... Jesse Farmer is entitled to recover of defendant Government Employees Insurance Company sums of money up to $40,000 excess over the $10,000 liability insurance available to defendant David L. Norton, to the full extent of plaintiff's damages, is granted."
In 1961 the legislature, in furtherance of the public policy of this state, enacted Chapter 61-175, Laws of Florida 1961 (Florida Statute 627.0851), requiring that each automobile liability policy (except where expressly rejected) delivered in this state with respect to any motor vehicle registered or garaged in this state provide uninsured motorist coverage. Of significance is the language of subsection (2) of Florida Statute 627.0851 (1961), viz:
"For the purpose of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency." (emphasis supplied)
*238 The legislature amended the foregoing statute (now Florida Statute 627.727) effective October 1, 1973, to provide "under insured motorist coverage". Applicable provisions of the statute as so amended are:
"(2) For the purpose of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:
"(a) Is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency; or
"(b) Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist's coverage."
GEICO contends that the verbiage "subject to the terms and conditions of such coverage" constitutes legislative approval for it to limit "stacking" in the terms of its policy. We disagree.
Judge Wigginton, speaking for this court in Sellers v. Government Employees Insurance Co.,[2] stated the controlling principle of law, viz:
"`The uninsured motorist statute has been the subject matter of prodigious litigation of which there seems to be no foreseeable termination. In Davis v. United States Fidelity & Guaranty Co., [172 So.2d 485,] this court first expressed the public policy contemplated by the Legislature by the enactment of Section 627.0851, Florida Statutes, F.S.A., when it stated, "The cited statute * * * established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance." Numerous decisions construing various provisions of insurance contracts have held that this public policy is violated by any restrictive language inserted in an insurance policy having the effect of defeating the purpose and intent of the statute, and such provisions must be considered nugatory and void.'"
The "subject to the terms and conditions of such coverage" language has been a part of the uninsured motorist coverage from its inception. The 1973 provision expanded the coverage of uninsured motorist insurance to include "under insured vehicles", while leaving the coverage subject to the general provision of the insurance policy. The 1973 amendment did not grant to GEICO the unilateral right to insert provisions in the policy to reduce the liability coverage.[3] The law is well settled that:
"An insured under uninsured motorist coverage is entitled by the statute to the full bodily injury protection that he purchases and for which he pays premiums. It is useless and meaningless and uneconomic to pay for additional bodily injury insurance and simultaneously have this coverage cancelled by an insurer's exclusion."[4]
Interlocutory Appeal dismissed.
BOYER, C.J., and McCORD, J., concur.
NOTES
[1] See Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973), wherein the Supreme Court stated: "We must not confuse uninsured motorist protection as inuring to a particular motor vehicle as in the case of automobile liability insurance. It is bodily injury insurance which protects against such injury inflicted by the negligence of any uninsured motorist."
[2] Sellers v. Government Employees Insurance Co., 214 So.2d 879 (1 Fla.App. 1968), quoting from Travelers Indemnity Company v. Powell, 206 So.2d 244 (1 Fla.App. 1968).
[3] Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971).
[4] Tucker v. Government Employees Insurance Co., supra, at 242.