360 So.2d 1271 (1978)
AETNA CASUALTY AND SURETY COMPANY, Appellant,
v.
Victoria L. ILMONEN, Appellee.
No. 77-907.
District Court of Appeal of Florida, Third District.
June 20, 1978.
*1272 Ress, Gomez, Rosenberg, Berke & Howland and Roland H. Gomez, North Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Brumer, Moss, Cohen & Rodgers, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellant, plaintiff below, appeals from a "final summary declaratory judgment" rendered in favor of appellee, defendant below, in an action to determine the amount of coverage available to appellee for damages she sustained in an automobile accident.
Appellee, a passenger in a motor vehicle driven by one Edlow Jack Jones was seriously injured when said vehicle collided with an automobile driven by one Rodney Jackson. Jackson was insured under an automobile liability insurance policy with maximum limits of THIRTY-FIVE THOUSAND ($35,000.00) DOLLARS. Jones was insured under an automobile liability policy with maximum limits of FIFTEEN THOUSAND ($15,000.00) DOLLARS. Although the policy limits provided by both policies of insurance totaled FIFTY THOUSAND ($50,000.00) DOLLARS, it was undisputed that the injuries sustained by appellee far exceeded that amount.
After commencement of a suit against both Jackson and Jones, and their respective insurers, the carriers tendered their policy limits to appellee. At the time of the accident, February 21, 1976, appellee was also covered under a policy of motor vehicle liability insurance issued to her husband by appellant which included protection against underinsured motorists. The applicable coverage limits under said policy was TWO HUNDRED THOUSAND ($200,000.00) DOLLARS. In pertinent part, the policy provided that:
"(b) Any amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is an Insured under this coverage shall be reduced by
"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other persons or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the Liability Coverage."
Subsequently, appellee made an application for uninsured motorist benefits under her policy with appellant and a demand for arbitration, in accordance with the terms and conditions of her policy. Appellee contended, and so contends here, that she was entitled to the full TWO HUNDRED THOUSAND ($200,000.00) DOLLARS in uninsured/underinsured motorist benefits.
*1273 On February 23, 1977, appellant filed a complaint for declaratory and injunctive relief, taking the position that appellee only had available a maximum of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS coverage for her damages. This figure was reached by deducting the FIFTY THOUSAND ($50,000.00) DOLLAR set-off received from Jones and Jackson, as allegedly required by Section 627.727(1), Florida Statutes (1977) from the TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.
Appellee filed an answer and counterclaim for declaratory judgment taking the position that appellant would only be entitled to a FIFTY THOUSAND ($50,000.00) DOLLAR set-off if the arbitrators awarded an amount less than TWO HUNDRED THOUSAND ($200,000.00) DOLLARS. If the arbitrators awarded an amount in excess of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, appellant alleged, then a set-off would not be proper. In addition, appellee took the position that if appellant was entitled to any set-off, then appellee would be likewise entitled to equitable distribution for attorneys' fees and costs in pursuing the settlement against Jackson and Jones, the tortfeasors.
On April 15, 1977, upon cross-motions for summary judgment, the trial judge entered a final summary declaratory judgment, ordering, in pertinent part, as follows:
"3. By the plain meaning of the terms of Section 627.727(1), Florida Statutes, `The coverage provided under this section shall be excess over but shall not duplicate the benefits available to an insured under any ... automobile liability or automobile medical expense coverages,' if arbitration here results in an award of $200,000 or less, AETNA will be entitled to a setoff of the available third party coverage minus equitable distribution for attorneys' fees and costs as discussed below; if arbitration results in an award in excess of $200,000 and up to $250,000, the first $50,000 of same or a part thereof, will be subject to a setoff in favor of AETNA subject to equitable distribution as aforesaid; if an award is made of $250,000 or more, AETNA would be entitled to no setoff whatsoever.
.....
"5. If an award is entered which is subject to setoff as aforesaid, the defendant, VICTORIA L. ILMONEN, may be entitled to equitable distribution of a portion of the $50,000 in available third party coverage to cover costs and attorneys' fees attendant upon prosecution of their third party claims, and the Court reserves jurisdiction to hold a hearing regarding same."
From that judgment, appellant has taken this appeal.
Appellant raises two points on appeal, the first of which we word as follows:
Whether an uninsured/underinsured insurance carrier is entitled to a set-off of any monies received by its insured from an uninsured/underinsured tortfeasor(s), when the damages sustained by the insured are greater than the insured's coverage limits and tortfeasor(s) recovery combined.
To place this issue within the framework of the facts sub judice, the question becomes whether appellee is entitled to the limits of her policy coverage, to-wit: TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, in addition to the FIFTY THOUSAND ($50,000.00) DOLLARS received via a settlement with the tortfeasors, assuming her injuries are determined to be greater than TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS; or is her recovery limited to the policy limits, to-wit: TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, with appellant entitled to set-off any monies received by appellee from the tortfeasors' carriers. Under the former, appellant's liability would be TWO HUNDRED THOUSAND ($200,000.00) DOLLARS, while under the latter, its liability would be limited to ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS. Likewise, appellee's available coverage would be TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS under the former, while under the latter, coverage *1274 would be limited to TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.
The second issue we must determine is whether the trial court erred in ruling that appellee might be entitled to equitable distribution of a portion of the FIFTY THOUSAND ($50,000.00) DOLLAR setoff to cover costs and attorneys' fees. We begin our discussion with the first issue.
We start with the applicable portion of Section 627.727(1), Florida Statutes (1977), which provides that:
"... The coverage provided under this section shall be excess over, but shall not duplicate the benefits available to an insured ... from the owner or operator of the uninsured motor vehicle or any other person or organization jointly or severally liable together with such owner or operator for the accident."
In deference to the above, the law is quite clear that when the tortfeasor's insurance is inadequate to cover the insured's damage, then the insured may recover from his own carrier under uninsured/underinsured motorist coverage to the extent that said coverage exceeds the limits of the tortfeasor's policy, up to the limits of the insured's policy. Government Employees Insurance Company v. Farmer, 330 So.2d 236 (Fla. 1st DCA 1976); Hunt v. State Farm Mutual Insurance Company, 349 So.2d 642 (Fla. 1st DCA 1977).
It is appellee's position that where, as here, damages far exceed the total amount of coverage available from both the tortfeasor's and the insured's carrier, there is then no possibility of a "duplication of benefits," as per Section 627.727(1). Accordingly, appellee's argument goes, in order to "make the injured insured whole" the greatest possible coverage should be afforded. As such, appellee contends that the court ruled correctly when it stated that should arbitration produce an award in excess of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, a set-off would be unnecessary and improper, as there would then be no duplication of benefits. As far as the court's ruling as to an arbitration award less than the above amount, appellee concedes that a set-off of the tortfeasor recovery would be proper. Hunt, supra; Government Employees Insurance Company, supra.
As authority for the above position, appellee relies upon Government Employees Insurance Company v. Shelly, 347 So.2d 124 (Fla. 4th DCA 1977). We also note the strong dissenting opinion of Judge Dauksch in Jones v. Travelers Indemnity Company of Rhode Island, 357 So.2d 231 (Fla. 4th DCA 1978) and see Government Employees Insurance Company v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976).
Notwithstanding appellee's contention, we believe that the court erred in its ruling. We interpret Section 627.727(1) to provide for an insured's recovery from his own insurer pursuant to an uninsured/underinsured policy of automobile insurance, the full extent of his damages in excess of any tortfeasor recovery up to the limits of the insured's policy. See Government Employees Insurance Company v. Farmer, supra; State Farm Mutual Automobile Insurance Company v. Diem, 358 So.2d 39 (Fla. 3d DCA 1978), opinion filed April 4, 1978; Hunt v. State Farm Mutual Insurance Company, supra.
While none of the above cited cases deal directly with a situation where the injured's injuries are in excess of the policy coverage and tortfeasor recovery combined we nevertheless apply those holdings to the case at bar. In so ruling, we are particularly influenced by those decisions which prohibit the use of uninsured motorist coverage, when the tortfeasor's coverage is in an equal amount to the insured's coverage. Government Employees Insurance Company v. Taylor, 342 So.2d 547 (Fla. 1st DCA 1977); Government Employees Insurance Company v. Butt, 296 So.2d 599 (Fla. 3d DCA 1974). The prohibition is based upon the premise that to add the like amount of tortfeasor and uninsured/underinsured coverage would be to duplicate the benefits. Government Employees Insurance Company v. Butt, supra. For example, if the tortfeasor had available coverage in the *1275 amount of TEN THOUSAND ($10,000.00) DOLLARS while the insured had uninsured motorists benefits in that like amount, only TEN THOUSAND ($10,000.00) DOLLARS would be available to the insured for his injuries according to the law, even assuming injuries in excess of TWENTY THOUSAND ($20,000.00) DOLLARS. Appellant argues that according to appellee's view, if the injuries were greater than TWENTY THOUSAND ($20,000.00) DOLLARS, then we would have to add the two coverages together. That result would be contrary to the law, as expressed in the above cases.
The insured motorist is entitled to the full bodily injury protection that he or she purchases. Government Employees Insurance Company v. Farmer, supra. Sub judice, appellee possessed TWO HUNDRED THOUSAND ($200,000.00) DOLLARS of uninsured motorist coverage. Our decision entitles appellee to the full amount of coverage that her husband purchased. The purpose of uninsured/underinsured motorist coverage is to enable an insured to recover under his or her policy of insurance for damages that he or she would have been able to recover against the negligent motorist if that motorist had maintained a policy of liability insurance. Salas v. Liberty Mutual Fire Insurance Company, 272 So.2d 1 (Fla. 1972). Uninsured/underinsured motorist coverage has never been interpreted to provide supplemental insurance.
As for the second issue on appeal, based upon the record and the applicable authorities, it is our opinion that no error has been shown which requires a reversal of the trial judge's order requiring equitable distribution on that portion of the FIFTY THOUSAND ($50,000.00) DOLLARS subject to set-off. See Government Employees Insurance Company v. Graff, supra.
Accordingly, that part of the final summary declaratory judgment which denied appellant a set-off is reversed, as appellee's total coverage is limited to TWO HUNDRED THOUSAND ($200,000.00) DOLLARS. In all other respects, the judgment is affirmed.
Affirmed in part; reversed in part and remanded for further proceedings.