HENSLEY, ROBERT E., Associate Judge.
Appellee James V. Causey was injured in an automobile accident. He and his wife sued the tortfeasor who was insured for $20,000. They also filed a claim with their own insurance carrier, the appellant, under their uninsured motorist coverage of $45,-000. Appellees recovered from the tort-feasor, by settlement, $20,000. Upon arbitration with appellant, a $50,000 award was entered and appellant paid appellees $25,-000. Appellees then filed this suit, demanding from appellant reimbursement for attorney fees of $6,666.66 and costs of $354.93 incurred in pursuing their claim against the tortfeasor. The lower court, on the authority of Aetna Casualty and Surety Company v. Ilmonen, 360 So.2d 1271 (Fla.3d DCA, 1978), awarded judgment for $3,595.93 against the appellant for such fees and costs. Appellant appeals therefrom and ap-pellees cross-appeal the lower court’s failure to award the total fees and costs actually incurred in pursuing the third party claim, and its failure to award attorney fees in this cause.
Since the decision of the lower court, the District Court of Appeal of Florida, First District, in the case of Hall v. Liberty Mutual Ins. Co., 376 So.2d 1183 (Fla. 1st DCA, 1979), has come to a decision contrary to the holding in Aetna Casualty and Surety Company v. Ilmonen, supra, in reference to the awarding of attorney fees and costs in pursuing third party claims.
We choose to follow the decision in Hall v. Liberty Mutual Ins. Co., supra. Had the tortfeasor had insurance coverage in the sum of $45,000, and, had appellees recovered $45,000 in suing the tortfeasor, they would not have recovered their attorney fees, in addition thereto, from the tort-feasor. They have no greater right under their uninsured motorist coverage.
This holding makes the questions raised on cross-appeal moot.
Accordingly, the judgment is reversed and the case remanded for entry of a judgment for the appellant.
HOBSON, Acting C. J., and OTT, J., concur.