WRIGHT, Presiding Judge.
This is an uninsured motorist case.
*1191 The trial court granted summary judgment upon the motion of defendant, State Farm Mutual Automobile Insurance Co. The issue presented by the motion and on appeal is one of law, i.e., whether the law in Alabama, as it existed on the date of injury, October 7, 1983, permitted recovery under plaintiffs uninsured motorist coverage if her damages exceeded the limits of the tort-feasor’s liability coverage.
It is conceded by plaintiff in brief that the amendment to the Alabama Uninsured Motorist Statute (§ 32-7-23, Code of Alabama 1975), enacted by the legislature in 1984, effective January 1,1985, is not applicable to this case. However, plaintiff contends that the amendment of 1984 merely codified the common law as it existed at the enactment of the original Uninsured Motorist Statute in 1965.
We find no merit in plaintiffs contention. In fact, the contention is clearly contrary to the application of the Uninsured Motorist Statute to the same issue presented to the supreme court in the case of Wilbourn v. Allstate Insurance Co., 293 Ala. 466, 305 So.2d 372 (1974). In Wilboum the supreme court stated: “The tort-feasor had insurance with policy limits as set out in Alabama’s Financial Responsibility Law, but insurance was not enough to cover plaintiff’s injuries. In other words, the tort-feasor was not uninsured, he was underinsured.” The court thereafter affirmed the granting of summary judgment to the insurer. Wilboum was the law in this state on the issue presented at the time of plaintiff’s injury. Watts v. Preferred Risk Mutual Insurance Co., 423 So.2d 171 (Ala.1982); Criterion Insurance Company v. Anderson, 347 So.2d 384 (Ala.1977). We therefore must affirm, because defendant State Farm was entitled to judgment as a matter of law. Rule 56, A.R. Civ.P.; Studdard v. South Central Bell Telephone Company, 356 So.2d 139 (Ala.1978).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.