519 A.2d 776

**Wayne CHRISTENSEN**

v.

**WAUSAU INSURANCE COMPANIES t/a Wausau Underwriters Insurance Company.**

**No. 499, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Jan. 12, 1987.

---

Brian S. Brown (E. Thomas Maxwell, Jr. on brief), Baltimore, for appellant.

Linda S. Perlman and Charles M. Chadwick (Chadwick and Whaley on brief), Rockville, for appellee.

Argued before WEANT, BISHOP and KARWACKI, JJ.

WEANT, Judge.

Appellant, Wayne Christensen, alleges that on 5 March 1984 he was seriously injured when hit by a vehicle driven by Gerd W. Herrmann. The Maryland Automobile Insurance Fund (MAIF), Herrmann's insurer, paid Christensen $20,000 in settlement, the maximum available under Herrmann's policy.

Christensen, alleging that his damages exceed the amount paid to him by MAIF, turned to his insurer, appellee (Wausau), to make up the difference. In appellant's policy is the mandatory "uninsured motorist" (UM) coverage along with another endorsement called "underinsured motorist" (UIM) coverage. Appellant's policy declarations page shows, among other things, these coverages:

| Coverages | Limits of Liability | Premium |
|---|---|---|
| UNINSURED MOTORIST (BI) | $20,000 EA. PERSON<br>$40,000 EA. ACC | |
| PROPERTY DAMAGE | $10,000 LESS $100 DEDUCTIBLE | ---- |
| UNDERINSURED MOTORIST | $20,000 EA. PERSON<br>$40,000 EA. ACC | $6.00 |

Appellant contends that Herrmann was an UIM and therefore appellant has a right to try to recover damages against his own insurer. He sued Wausau for declaratory relief in the Circuit Court for Baltimore County relying on the UIM coverage in his policy. All of the facts necessary to establish the liability of Herrmann were stipulated at the hearing so that the court could address the narrow issue: "... whether there can be any recovery of an amount against Wausau on the theory that Herrmann was an Underinsured Motorist, which is mentioned on the policy declaration page, but is nowhere interpreted or referred to anywhere else in the policy...." The trial court held that appellant has no right to recover against his insurance company based on the UIM endorsement. From that decision this appeal was taken.

Appellant frames his one issue in this fashion:

Whether the trial judge erred in holding that Wausau was not liable for Underinsured Motorist coverage under the terms of Christensen's liability insurance policy.

Neither in the policy, nor in Maryland statutory or case law, is UIM defined.

Appellant urges us to interpret UIM coverage to mean that Wausau will make up the difference in damages to its

insured (up to the amount of UIM coverage bought by the insured) when the tortfeasor's liability insurance limits are inadequate to compensate the insured fully.

Appellee wants us to adopt a definition that would prevent appellant from recovering anything by way of the UIM endorsement. Appellee's proposed definition involves calculating the payment that it might owe appellant by subtracting the amount of the tortfeasor's liability coverage (in this case $20,000) from the limits of appellant's UIM coverage ($20,000). Appellee directs us to the case of *Elovich v. Nationwide Insurance Co.,* 104 Wash.2d 543, 707 P.2d 1319, 1323 (1985), which describes this method of defining the term as a "decreasing layer coverage as against the floating layer coverage" urged upon us by appellant.

Appellee seems to argue that under the Maryland law UM and UIM have the same meaning. As the Court said in *Simonette v. Great American Insurance Co.,* 165 Conn. 466, 338 A.2d 453, 455 (1973), however, " 'Uninsured' clearly is not the same as 'underinsured' and '[a] court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contended for different meanings' " (quoting *Marcolini v. Allstate Ins. Co.,* 160 Conn. 280, 278 A.2d 796 (1971)). The adoption of appellee's contention would appear to make Wausau's inclusion of both terms in the coverages, manifested by the policy declarations page of the insurance contract, an exercise in futility. It appears obvious to us that the tortfeasor is underinsured when his automobile liability insurance coverage fails to cover the actual amount of damages sustained by the insured, in this instance, Wayne Christensen. In the case *sub judice,* the use of the terms UM and UIM on the policy without a definition should not be construed so as to eliminate the liability on the part of the appellee, in our judgment. We think it appropriate here to quote from *Langston v. Allstate Ins.*

*Co.,* 40 Md.App. 414, 428, 392 A.2d 561 (1978) wherein Chief Judge Gilbert of this Court made the following observation:

> Even as Judge Eldridge said in *McKoy* [*v. Aetna Casualty & Surety Co., Inc.,* 281 Md. 26, 374 A.2d 1170 (1977) ], if "the interpretation of the policy urged upon us by ... [Allstate] is ... [a] reasonable one, this would, at best, create an ambiguity. In such situations, ambiguities are resolved against the author of the instrument." 281 Md. at 31 [374 A.2d 1170]. *See also Penn., Etc., Ins. Co. v. Shirer,* 224 Md. 530, 537, 168 A.2d 525 (1961):

> > "However, if the insurance company, in attempting to limit coverage ..., failed to make its intended meaning clear and drew an ambiguous clause, that ambiguity would be resolved against it as the one who drafted the instrument, as is true in the construction of contracts generally, *Ebert v. Millers Fire Insurance Co.,* 220 Md. 602, 611 [155 A.2d 484], and cases cited; *Employers' Liability Assurance Corporation, Ltd. v. Reed's Refrigeration Service, Inc.,* 222 Md. 49, 54 [158 A.2d 616]."

While many states have statutes specifically defining UIM coverage, as mentioned above, the State of Maryland does not.[1] We shall, therefore, rely on the rule stated by the Court of Appeals in *Orkin v. Jacobson,* 274 Md. 124, 129, 332 A.2d 901 (1975) (citing *Waters v. Griffith,* 2 Md. 326, 333 (1852)): "[w]e must give, if we can, some distinct meaning to every word employed in the contract...." UM coverage is applicable where the vehicle involved in an accident is without insurance or is insured for less than the liability limits required by the State law. *See* Art. 48A, § 541(c). UIM coverage, as we have said, is applicable where the tortfeasor carries insurance which comports with the legal limits but is inadequate to cover all of the damages incurred. *Murphy v. Milbank Mut. Ins. Co.,* 368

---

1. See, however, Md. Code Art. 48A § 541(c)(3).

N.W.2d 753 (Minn.App.1985); *Wilbourn v. Allstate Ins. Co.*, 293 Ala. 466, 305 So.2d 372 (1974).

While there is some authority for appellees' position, the majority of those decisions are based on specific statutory interpretations or the construction of specific policy definitions. As a practical matter, almost any result can be obtained under the various statutory and policy definitions existing throughout the country. *See* Annot. 24 A.L.R. 4th 13, §§ 10 and 13 (1983); G. Couch, *Cyclopedia of Insurance Law* § 45:649, (2d Rev ed 1981).

In our view, the construction put upon the term "underinsured motorist" coverage by the circuit court was clearly incorrect *sans* a specific statutory or policy definition. Any other interpretation of underinsurance would mean that the victim cannot recover part of the underinsurance limit he has bought and paid for, and that portion of the limits also would be illusory. For example, if Wayne Christensen were forced to deduct from the underinsurance limits of $20,000, the $20,000 of liability insurance received from MAIF, his recovery would be nil and the $20,000 of underinsurance that was purchased would be unavailable to him notwithstanding damages which he suffered in excess of $20,000.

It seems to us that, had appellee intended the limits of liability under its insurance policy applicable to a covered person after an accident to be less than the applicable limits of liability reported by the insured's own policy, it would have expressed that intention in its policy. This would have allowed the insurer to set off the amounts the insured collected from the tortfeasor's insurer.

We will reverse and remand for a determination of damages.

JUDGMENT REVERSED.

CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORD WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.