MADDOX, Justice
(dissenting).
This is an appeal from a summary judgment. Because the majority summarily reverses the judgment, without setting out any facts, I include the facts that cause me to dissent. Plaintiffs/appellants Daniel Wayne White and Nellie Edith White filed suit on November 25, 1986, against defendant Lola Bartlett and defendant/appellee State Farm Mutual Automobile Insurance Company (“State Farm”). The Whites are husband and wife. The basis for the lawsuit is an automobile collision involving a vehicle operated by Lola Bartlett and a *247 vehicle operated by Daniel Wayne White in which Nellie Edith White was riding as a passenger. The collision occurred on September 5, 1986, in Attalla. At the time of the accident, both Bartlett and the Whites were insured by policies of automobile liability insurance issued by State Farm.
The Whites stated a claim against Bartlett for personal injuries based on negligence and wantonness, and also stated a claim against State Farm, seeking compensation under the provisions of the automobile liability policy issued to the Whites by State Farm. With regard to State Farm, the Whites specifically claimed “underin-sured” motorist coverage under the provisions of their policy. The Whites had made no settlement demand upon State Farm for payment of underinsured motorist benefits prior to commencement of the lawsuit. State Farm filed an answer denying the material allegations of the complaint. Lola Bartlett filed a similar answer.
In its motion for summary judgment, State Farm alleged that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law under the terms and provisions of the policy. The trial court granted summary judgment in favor of State Farm on April 14, 1987. This summary judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P. This appeal by the Whites followed. Defendant Lola Bartlett is not a party to this appeal and the action as originally filed against her remains pending in the trial court.
The sole issue presented in this appeal is whether the trial court erred in granting summary judgment in favor of State Farm. The basis of the motion for summary judgment is the following language found in the amended automobile liability insurance policy issued to the Whites by State Farm:
“1. The first paragraph of Section III is replaced by the following:
“We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
“THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENTS OF JUDGMENTS OR SETTLEMENTS.” (Emphasis in the original.)
In reaching a conclusion as to the propriety of summary judgment in this case, I have considered whether the exclusionary language of this provision is in derogation of the Alabama Uninsured Motorist Statute, Ala.Code 1975, § 32-7-3. State Farm contends that the exclusion precludes the Whites from maintaining an action against it for underinsured motorist coverage until all other sources of liability coverage (namely any amounts that might be recovered by the Whites pursuant to the liability policy held by Lola Bartlett) have been exhausted. Therefore, State Farm urges, the summary judgment and order of dismissal were properly granted.
The Whites, on the other hand, dispute the validity and enforceability of this policy language. They maintain that the exclusionary language is in derogation of the Alabama Uninsured Motorist Statute, as amended effective January 1, 1985, and should therefore be declared void as viola-tive of public policy. The Uninsured Motorist Statute provides in pertinent part:
“(a) No automobile liability or motor vehicle policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners *248 or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer.
“(b) The term ‘uninsured motor vehicle’ shall include, but is not limited to, motor vehicles with respect to which:
[[Image here]]
“(4) the sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover.”
Basic to the inquiry is paragraph (b) and its accompanying subparagraphs, which were added by the amendment. The purpose of this amendment, according to the Whites, is to enhance the statutorily mandated uninsured motorist coverage provided theretofore in paragraph (a) by including as mandatory “underinsured” motorist coverage. This was accomplished, they maintain, by expanding the definition of what constitutes an “uninsured motor vehicle” with the inclusion of amended paragraph (b)(4). Coverage is now mandated under the statute, according to the Whites, for motorists who are faced with trying to recover damages from an “underinsured” tort-feasor. Accordingly, the Whites assert that the exclusionary language of the policy here at issue is in derogation of the statute because, they say, it is in essence an attempt by State Farm to avoid the “underinsured” liability coverage that they say § 32-7-23 now mandates. They maintain that if the exclusionary language of the policy is upheld, such a holding would in effect be a judicial construction that paragraph (b)(4) of the statute requires a policyholder to obtain a judgment against an underinsured motorist as a condition precedent to recovery under the policy. The Whites assert that such a construction would be contrary not only to the intent of the legislature in amending the act but also to the standing judicial interpretations of the statute prior to its amendment.
In support of their contentions, the Whites place great emphasis on State Farm Mutual Automobile Ins. Co. v. Griffin, 51 Ala.App. 426, 286 So.2d 302 (1973). In that case, the Court of Civil Appeals interpreted the words “legally entitled to recover damages”, as they appeared in the predecessor to § 32-7-23, to mean:
“[T]he insured must be able to establish fault on the part of the uninsured motorist which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability....
“Upon consideration of the above, ... it is not a requisite to recovery that judgment must be obtained against the uninsured motorist as a condition precedent to bringing suit against [the insured’s] uninsured [motorist insurance] carrier.”
51 Ala.App. at 431, 286 So.2d at 306. Accord, State Farm Fire & Casualty Co. v. Lambert, 291 Ala. 645, 285 So.2d 917 (1973). Although the words “damages which the injured person is legally entitled to recover” do appear in paragraph (b)(4) of the statute as amended, I think the above referenced authorities can be distinguished, both factually and in other respects, from the matter at bar. These cases, as well as the other authorities cited by the Whites, do not involve consideration of policy language like that at issue in the instant case. Moreover, these cases were decided prior to the amendment of § 32-7-23. I would also point out that this Court has expressly recognized a distinction between the terms “uninsured” and “underinsured.” In Wilbourn v. Allstate Insurance Co., 293 Ala. 466, 305 So.2d 372 (1974), this Court held that when a defendant tort-feasor has liability insurance with the policy limits re *249 quired by statute, but that coverage is inadequate to cover the plaintiffs’ injuries, the tort-feasor is not "uninsured” but rather is “underinsured.” It therefore does not follow that the previous case law interpreting the Uninsured Motorist Statute is necessarily dispositive of this appeal, because the issue presented here involves underin-sured motorist coverage.
Insofar as I can tell, the issue presented in this appeal is one of first impression for this Court. The issue in the instant case was, however, squarely addressed in a 1986 decision of the United States District Court for the Middle District of Alabama: Fulghum v. Fears.[1] The factual context of Fulghum is almost identical to that of the instant case. Following an automobile collision, David Fulghum filed a diversity action against Marcy C. Fears and her employer, alleging negligence and wantonness. State Farm Mutual Automobile Insurance Company was also named as a defendant. At the time of the accident, Fulghum had been issued three policies of automobile liability insurance by State Farm that included both uninsured and underinsured motorist coverage. As in the instant case, the plaintiff alleged that the vehicle operated by the defendant was underinsured. State Farm made a motion for summary judgment, which was granted by the district court. Balancing the exclusionary language of the plaintiffs insurance policy (which is identical in every respect to the policy language at issue in the instant case) and the amended provisions of § 32-7-23, the district court held:
“[T]he intention of the Alabama Legislature, as well as defendant State Farm, is made unmistakably clear by the above statutory and contractual language. That is, whether the plaintiffs-insureds be invoking the uninsured or underin-sured motorist coverage provisions of their policies, no coverage will be provided ‘until the limits of liability of all bodily injury liability bonds and policies that may apply have been used up by payments of judgments or settlements.’ Thus, until the ‘primary’ coverage has been exhausted by the plaintiffs, a claim for the available 'excess or supplemental’ coverage is not ripe. Only if and when the limits of liability under all other bodily injury liability bonds and policies that apply (i.e., the Fears’ policies) have been exhausted by payments of judgments or settlements, may the plaintiffs present a claim for underinsured coverage pursuant to their policies with defendant State Farm.”
I agree with the rationale of the district court in Fulghum in its interpretation of Alabama law and accordingly would hold that the summary judgment in the instant case was properly granted. No liability on the part of Lola Bartlett has been established, nor has the amount of the Whites’ damages been ascertained. The policy restriction here does not preclude the Whites from recovering “underinsured” motorist benefits; it simply requires them to demonstrate that they are entitled to those benefits by first exhausting the liability bonds and policies held by the tort-feasor, thereby showing that the tort-feasor is “underin-sured.” I would, moreover, observe that the legislature prefaced the amendment to § 32-7-23 with the following language:
“Nothing in this act should be construed to abrogate the exclusions, terms, conditions or other provisions of any policy of automobile liability insurance which has been approved by the insurance commissioner.”
The terms and conditions of their policy of insurance having not been met, the Whites are not entitled to maintain an action against State Farm until it is shown that there is coverage under the terms of the policy.
STEAGALL, J., concurs.

. Unpublished memorandum opinion by the Hon. Robert E. Varner, United States District Court for the Middle District of Alabama, Eastern Division, August 13, 1986. Case No. 86V-456-E.