SCHERR, by Guardian *ad litem,* and others, Appellants, v. DROBAC, Defendant: AMERICAN FAMILY MUTUAL INSURANCE COMPANY and others, Respondents.

*No. 232. Argued November 29, 1971.—Decided January 4, 1972.*
(Also reported in 193 N. W. 2d 14.)

For the appellants there were briefs by *Habush, Gillick, Habush, Davis & Murphy*, attorneys, and *Howard A. Davis* of counsel, all of Milwaukee, and oral argument by *Howard A. Davis*.

For the respondents there was a brief by *deVries, Vlasak & Schallert* of Milwaukee, and oral argument by *Arthur J. Vlasak*.

WILKIE, J.   On November 5, 1971, this court affirmed the judgment in *Leatherman v. American Family Mut. Ins. Co.*[1] The only difference between *Leatherman* and this case is that the provisions of sec. 204.30 (5) (a),

[1] (1971), 52 Wis. 2d 644, 190 N. W. 2d 904.

Stats. 1967, apply to this action but were not enacted at the time the Leatherman accident occurred. Sec. 204.30 (5) (a) requires automobile liability insurance policies to include uninsured motorist coverage unless rejected by the insured. The new statute provides:

"(5) UNINSURED MOTORIST COVERAGE. (a) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death in the amount of at least $10,000 per person and $20,000 per accident under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. The named insured has the right to reject such coverage. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer. The uninsured motorist bodily injury coverage limits provided in an automobile liability or motor vehicle liability policy of insurance may be made available to the insured up to the bodily injury coverage limits provided in the remaining portions of the policy."

In *Leatherman* this court decided that once other sources yield the amount of the uninsured coverage ($10,000) uninsured motorist coverage is no longer available to the insured. That would mean here that because the Gelhar policy provided $10,000 coverage arising from Patricia's injuries, her father's uninsured motorist protection could not be made available. We do not think

that the provisions of sec. 204.30 (5) (a), Stats., change the outcome. All this new statute does, is require that the coverage be offered. As appellants themselves admit, the statute is silent as to the validity of the "reducing clause" found in the uninsured motorist protection provisions of the present insurance contract as well as in the related contract in *Leatherman*.

*By the Court.*—Judgment affirmed.