TISDALE, and others, Plaintiffs-Respondents, v. HASSLINGER, Defendant-Appellant: JOHNS, and another, Defendants-Respondents.

*No. 75–616. Submitted on briefs June 2, 1977.—*
*Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 314.)

For the appellant the cause was submitted on the briefs of *Dahms & Brewer* of Oconomowoc.

For the respondent American Family Mutual Insurance Company, the cause was submitted on the brief of *Berg & Holznecht* of Janesville.

HANLEY, J.   There being no issue of fact that James M. Tisdale was less than 12 years old on the date of

injury, was employed in violation of law as to his age, and was injured in an occurrence arising out of a power driven machine, Judge Gergen granted the insurance company's motion for summary judgment. David G. Hasslinger has appealed, arguing that the decision retroactively applies sec. 103.67 (2), Stats., so as to unconstitutionally impair the company's obligation to insure him.

An affidavit on behalf of American Family in support of its motion for summary judgment contained a copy of the insurance policy as an attachment. The policy is a fire and extended coverage policy on a farm owned by David G., Ruth G. and Joseph Hasslinger. It also contains comprehensive farm and personal liability coverage. However, this coverage is subject to an exclusion for injury to:

". . . any farm employee employed in violation of law as to age if the occurrence arises out of any power driven machine, . . ."

The affidavit alleged this exclusion and also alleged that James M. Tisdale was born on August 27, 1961. This made him 11 years of age on September 9, 1972, when the accident occurred.

The affidavit in support of the insurance company's motion for summary judgment went on to state that James M. Tisdale was hired on September 9, 1972, by Joseph Hasslinger, the son of David Hasslinger, to work on the farm that day. His employment was to last only for the day in question. On September 9, he was picked up at his residence by Marc Johns and taken to the Hasslinger farm. He and Johns proceeded to bale straw. During the course of the baling operation James Tisdale was riding on the left rear side of the tractor, and while riding on the tractor his right leg became entangled with the power take-off mechanism connecting the tractor with the hay baler. This happened when the power driven hay baler came apart from the tractor.

Sec. 103.67 (2), Stats., as amended effective April 30, 1972, prohibits minors under 14 from being employed in any gainful occupation, with certain exceptions. One of the exceptions is that if over 12, the minor may be employed in agricultural pursuits. Sec. 103.66 (1), Stats., delegates to the Department of Industry, Labor and Human Relations, the power to issue general or special orders prohibiting employment of minors in places prejudicial to their health, safety or welfare. Wis. Adm. Code, Ind 70.06 (22), promulgated by the department under the powers granted in sec. 103.66 (1), provides that minors under 16 years of age are not to work in the operation of or assisting in the operation of farm type tractors and other self propelled vehicles.

An affidavit in opposition to the motion for summary judgment set forth that the policy was issued on January 20, 1972, for a one year period. It pointed out that at the time the policy was issued there was no minimum age for farm employment. Former sec. 103.77, Stats. of 1971, which was repealed effective April 30, 1972, by ch. 271, sec. 33, Laws of 1971, specifically exempted agricultural pursuits from the Wisconsin Child Labor Laws.

The purpose of an age exclusion clause such as the one under consideration is to relieve the insurance company from liability in a situation where its insured is absolutely liable. Early case law in this state held that an injured minor could not be charged with contributory negligence when his employment was in violation of the child labor law. *Pinoza v. Northern Chair Co.*, 152 Wis. 473, 140 N.W. 84 (1913). Employment of a minor in a statutorily defined dangerous employment was held to give rise to absolute liability. *Reiten v. J. S. Stearns Lumber Co.*, 166 Wis. 605, 165 N.W. 337 (1918). In farm labor cases the legislature has mandated the fellow servant defense, except where the employer comes under worker's compensation. Sec. 895.37, Stats.; *see:*

*Colson v. Rule,* 15 Wis.2d 387, 113 N.W.2d 21 (1962). However, there is authority that the fellow servant defense is not available to the employer of a child employed in violation of the child labor laws. 53 Am. Jur.2d, *Master and Servant,* sec. 324 (1970).

There is no constitutional question in this case. The only question is whether the exclusion contemplates subsequent changes in the law, or whether the child labor laws are to be frozen as of January 20, 1972, for the purpose of determining what coverage is provided. The policy exclusions look to the date of employment of the minor to determine whether his employment was in violation of law. Tisdale was not employed on the Hasslinger farm on January 20, 1972. Nor was he employed on the farm on April 30, 1972, when the new statute became effective. He was hired for one day's employment on September 9, 1972. At that time, it was a violation of sec. 103.67(2), Stats. to so employ him. Moreover, the Department of Industry, Labor and Human Relations had determined that assisting in the operation of a tractor was a hazardous occupation for a minor under 16 years of age. Therefore, the employment of Tisdale was within the policy exclusion, and his injury was one of the risks which American Family did not undertake to insure.

*By the Court.*—Judgment affirmed.