Pearl M. LANDVATTER, Plaintiff-Respondent,

V.

GLOBE SECURITY INSURANCE COMPANY, a/k/a Security Mutual Casualty Company, Defendant-Appellant.†

Court of Appeals

*No. 79–1476. Submitted on briefs September 10, 1980.—*
*Decided December 9, 1980.*
(Also reported in 300 N.W.2d 875.)

For the defendant-appellant the cause was submitted on the briefs of *Daniel R. Doucette* and *Christine K. Ohm* and *Kluwin, Dunphy, Hankin* and *McNutly,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Joseph J. Welcenbach* and *Charlton, Welcenbach & Widmann,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

CANNON, J.   Defendant appeals from a declaratory judgment in which the trial court held that a reducing clause contained in the uninsured motorist section of a policy issued by Security Mutual Casualty Company

---

† Petition to review denied. BEILFUSS, C.J., took no part.

(Security) was prohibited under sec. 631.43(1), Stats. (1977), precluding the reduction of the full amount of uninsured motorist benefits under plaintiff's policy by payment made under other uninsured motorist coverage. We affirm.

The parties stipulated to the following facts. On February 5, 1977, the plaintiff was injured when the vehicle in which she was a passenger was involved in an accident with an uninsured motorist. For purposes of the declaratory judgment action, it was agreed that the plaintiff's damages exceeded $45,000. The vehicle in which the plaintiff was riding was insured by Allstate Insurance Company (Allstate). The Allstate policy provided for $15,000 of uninsured motorist coverage. Prior to the commencement of the plaintiff's declaratory judgment action, Allstate paid plaintiff $15,000 under its uninsured motorist coverage.

The plaintiff was also insured under a policy issued by Security which provided $30,000 of uninsured motorist benefits. Security's policy contained a "reducing clause." This clause provided that any amount payable under Security's policy would be reduced by the monies paid by the other insurance company's uninsured motorist coverage. It was stipulated that if the reducing clause was valid, Security's $30,000 uninsured motorist coverage would be reduced by the $15,000 paid by Allstate.

The plaintiff contends and the trial court ordered that the plaintiff is entitled to both the $15,000 paid by Allstate, and the entire $30,000 uninsured motorist coverage from Security. The trial court reasoned that the reducing clause was prohibited by sec. 631.43(1), Stats., and ordered Security to pay the plaintiff the entire $30,000 of uninsured motorist benefits.

The sole issue on appeal is: Was the reducing clause contained in the uninsured motorist section of the plaintiff's automobile insurance policy valid and enforceable?

We hold that the reducing clause was invalid and unenforceable and, accordingly, we affirm.[1]

The issue of stacking uninsured motorist coverage was raised for the first time in Wisconsin in *Leatherman v. American Family Mutual Insurance Co.*, 52 Wis.2d 644, 190 N.W.2d 904 (1971). The plaintiff in *Leatherman* was a passenger in a vehicle which was involved in an accident with an uninsured motorist. At the time of the accident, uninsured motorist coverage was not required by statute. The host driver's carrier paid its $10,000 uninsured motorist policy limits. The plaintiff brought suit against his own insurer under his uninsured motorist coverage. The plaintiff's policy contained a reducing clause. The plaintiff argued that the reducing clause was ambiguous and contrary to public policy. Our supreme court determined that the language was unambiguous. *Id.* at 649–50, 190 N.W.2d at 906–07. The public policy argument was met by holding that any prohibition of reducing clauses was to be made by legislative mandate and not judicial fiat. *Id.* at 650–51, 150 N.W.2d at 907.

The same issue was presented in *Scherr v. Drobac,* 53 Wis.2d 308, 193 N.W.2d 14 (1972), after uninsured motorist coverage became mandatory. The court determined that sec. 204.30 (5) (a), Stats. (1973) (predecessor to sec. 632.32, Stats. (1977)), was devoid of any effect on the validity of the reducing clause found in the plaintiff's uninsured motorist coverage. *Id.* at 310–11, 193 N.W.2d at 15.

In *Nelson v. Employers Mutual Casualty Co.,* 63 Wis. 2d 558, 217 N.W.2d 670 (1974), the plaintiff sought to stack the coverages of two uninsured motorist policies. The court denied the stacking, indicating that the *Leatherman* and *Scherr* decisions controlled. *Id.* at 567, 217 N.W.2d at 674. The 1973 amendment to sec. 204.30 (5)

---

[1] Our certification of the issue to the Wisconsin Supreme Court was denied.

(a), Stats.[2] was not construed, and was mentioned solely because the plaintiff attempted to argue that this amendment only set a minimum recovery from each policy. *Id.* at 569, 217 N.W.2d at 675. The court pointed out that the uninsured motorist statute only guaranteed recovery equivalent to that which would have been afforded if the uninsured motorist had been minimally insured. *Id.* at 569, 217 N.W.2d at 675.

The language of the 1973 amendment was later deleted. This deletion was based on the legislature's belief that the amendment added nothing to the meaning of the statute. Committee Comment to sec. 632.32(3), Stats., sec. 42, ch. 375, Laws of 1975.

Beginning in *Leatherman* and continuing throughout the uninsured motorist coverage cases, the supreme court has reiterated that reducing clauses are not violative of public policy and, therefore, their total prohibition must emanate from the legislature. The trial court found such a legislative pronouncement in sec. 631.43(1), Stats. which provides:

Other Insurance Provisions. (1) General. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions. The policies may by their terms define the extent to which each is primary and each excess, but if the policies contain inconsistent terms on that point, the insurers shall be jointly and severally liable to the insured on any

---

[2] Section 204.30, Stats., was amended by ch. 72, Laws of 1973, effective July 22, 1973, to read in part as follows:

The uninsured motorist bodily injury coverage limits provided in an automobile liability or motor vehicle liability policy of insurance as required in this subsection shall not be reduced by the terms thereof to provide the insured with less protection than would be afforded him if he were injured by a motorist insured under an automobile liability or motor vehicle liability policy of insurance containing the limits provided in this subsection.

coverage where the terms are inconsistent, each to the full amount of coverage it provided. Settlement among the insurers shall not alter any rights of the insured.

Section 631.43(1), Stats. was created by sec. 41, ch. 375, Laws of 1975, subsequent to any of the case law discussed earlier.

The question before us is whether secs. 631.43 and 632.32, Stats., read together create an ambiguity which would subject them to statutory construction. When statutes are *in pari materia,* they should be read together and harmonized, if possible. *State v. Walker,* 75 Wis.2d 93, 102, 248 N.W.2d 410, 414 (1977). However, their interaction may produce an ambiguous result where well-informed persons could reach two or more conclusions as to their meaning. *Id.* We find such an ambiguity here.

Where statutes are determined to be ambiguous, we may resort to the legislative intent as evidenced by the relation of the statute to its context, scope, history, subject matter, and object intended to be accomplished. *Wisconsin Bankers Association v. Mutual Savings & Loan Association,* 96 Wis.2d 438, 450, 291 N.W.2d 869, 875 (1980).

In enacting statutes, the legislature is presumed to act with full knowledge of existing laws. *Mack v. Joint School District No. 3,* 92 Wis.2d 476, 489, 285 N.W.2d 604, 610 (1979). Accordingly, when the legislature enacted sec. 631.43, Stats., it should have been cognizant of the existence and effect upon the uninsured motorist provision, which was also amended by ch. 375, Laws of 1975.

Defendant argues that in applying sec. 631.43(1), Stats. to prohibit operation of the reducing clauses in uninsured motorist cases, the trial court has ignored the distinction between liability coverage and indemnity coverage. We do not agree.

Section 631.43(1), Stats., and the committee comment interpretating that section, state that sec. 631.43 applies to policies which indemnify an insured. Committee Com-

ment, sec. 41, ch. 375, Laws of 1975. We do not, however, determine that this language precludes its application in uninsured motorist cases merely because such coverage is found within an automobile liability policy. We reach this conclusion because we determine that uninsured motorist coverage does not function as a pure liability contract but instead functions as an indemnification contract.

Indemnity contracts require an insurer to indemnify or make whole the insured after he has sustained an actual loss, whereas a liability policy requires the insurer to shield the insured from making payment on the claim for which he is liable. G. Couch, Cyclopedia of Insurance Law §44.4 (2d ed. R. Anderson 1963). Uninsured motorist coverage has been distinguished from liability insurance and recognized as a form of insurance which promotes indemnification of the injured party. 44 C.J.S. *Insurance* §48.1 (Supp. 1980) ; 7 Am. Jur.2d *Automobile Insurance* §293 (1980).

We conclude that the enactment of sec. 631.43, Stats. provides the legislative mandate which was missing at the time the *Leatherman, Scherr,* and *Nelson* cases considered the public policy considerations governing reducing clauses. Accordingly, we conclude that sec. 631.43 (1) must be read together with sec. 632.32(3) to permit the stacking of uninsured motorist insurance coverages.

*By the Court.*—Judgment affirmed.