IN the INTEREST OF JD, a person under 18 years of age:

Delia DE LUNA, Appellant-Petitioner,

v.

RACINE COUNTY HUMAN SERVICES DEPARTMENT,
Respondent.

Supreme Court

*No. 81–1183. Argued January 5, 1982.—Decided February 2, 1982.*

(Also reported in 315 N.W.2d 365.)

For the appellant-petitioner there were briefs and oral argument by *Donna L. Hintze,* assistant state public defender.

For the respondent there was a brief and oral argument by *Mark Janiuk,* assistant corporation counsel.

STEINMETZ, J. The issue in this case is whether the provision in sec. 48.43(6), Stats.,[1] requiring that "appeal shall be taken within 30 days of the date the order is entered" terminating parental rights requires a notice of appeal to be filed within that 30-day period. The court of appeals answered "yes" and we reverse. Due to our ruling on this issue, it becomes unnecessary for this court to consider additional issues raised by the petitioner.

On January 7, 1981, an order was signed by the Honorable Stephen A. Simanek, Racine county circuit judge, terminating the petitioner's parental rights to her child, J.D. Petitioner's trial counsel, an assistant state public defender with the trial office in Racine, subsequently referred the case by letter to the appellate office of the state public defender for appellate representation. This referral letter was received by the public defender appellate office on January 22, 1981, and a request was immediately made for a copy of the termination order. The order was received by the public defender on February 3, 1981. In the meantime, the termination order, signed on January 7, 1981, was filed and entered on January 28, 1981.

On February 5, 1981, the public defender filed a protective motion for extension of time within which to file a notice of appeal with the court of appeals. This motion was denied by the court of appeals on February 19, 1981, on the grounds it lacked the authority to extend time and

---

[1] Sec. 48.43(6), Stats., provides:

"(6) Judgments under this subchapter terminating parental rights are final and appealable under s. 48.47, except that appeal shall be taken within 30 days of the date the order is entered."

referred to Rule 809.82(2), Stats., governing civil appeals, which read:[2]

"(2) ENLARGEMENT OR REDUCTION OF TIME. The court upon its own motion or upon good cause shown by motion, may enlarge or reduce the time prescribed by these rules or court order for doing any act, or waive or permit an act to be done after expiration of the prescribed time, except the filing of a notice of appeal or cross-appeal of a final judgment or order in a civil appeal."

The public defender assumed the order terminating parental rights had been entered on January 7, 1981; therefore, upon receiving the denial of its motion by the court of appeals on February 20, 1981, that office assumed the time for filing the notice of appeal had passed if the court of appeals opinion denying the motion for extension of time was correct. That opinion, in an order entered on February 19, 1981, by the court of appeals, had stated:

"The court having considered the motion of the State Public Defender for extension of time in which to file notice of appeal;

"IT IS ORDERED that the motion is denied. It is the opinion of the court that by setting forth a 30-day appeal period in sec. 48.43(6), Stats., the legislature intended to entirely remove termination of parental rights appeals from the framework of Rule 809.30. The time for filing

---

[2] Rule 809.82(2), Stats., has been changed by this court by a rule adopted October 30, 1981, effective January 1, 1982, and now reads:

"809.82(2) ENLARGEMENT OR REDUCTION OF TIME. (a) Except as provided in par. (b), the court upon its own motion or upon good cause shown by motion, may enlarge or reduce the time prescribed by these rules or court order for doing any act, or waive or permit an act to be done after expiration of the prescribed time.

"(b) Notwithstanding the provisions of par. (a), the time for filing a notice of appeal or cross-appeal of a final judgment or order other than in an appeal under Rules 809.30 or 809.40(1) may not be enlarged." 104 Wis.2d xxvii, xl (1981).

a notice of appeal in a civil appeal may not be extended. Rule 809.82 (2), Stats."

Later, the public defender's office learned the order of termination was entered on January 28 and not January 7, though that fact was unknown to the public defender's office on February 20 when it received the court of appeals order recited above. The public defender's office continued to process the appeal within its office; however, after the court of appeals order, the appeal was from that order in the form of a petition for review to this court. Thus, the review before this court is of the court of appeals interpretation of sec. 48.43 (6), Stats., rather than the merits of the termination order.

Before the enactment of sec. 48.43 (6), Stats., in ch. 330 of Laws of 1979, the clear appeal procedure for termination of parental rights proceeding was governed by sec. 48.47 (1)[3] which directed that appeals be initiated in accordance with Rule 809.40.[4] Rule 809.40 directed that appeals to the court of appeals from a judgment or order in a ch. 48 case, as well as others recited therein, must be initiated within time periods specified in Rule 809.30. The appellate time periods for private attorney representation and public defender representation under Rule 809.30 (1) were:

---

[3] "48.47 Appeal. (1) Any person aggrieved by an adjudication of the court under this chapter and directly affected thereby has the right to appeal to the court of appeals in accordance with s. 809.40. Appeal from an order granting or denying an adoption under s. 48.91 and from any circuit court review under s. 48.64 (4) (c) shall be to the court of appeals."

[4] "809.40 Rule (Applicability). (1) An appeal to the court of appeals from a judgment or order in a misdemeanor case or a ch. 48, 51 or 55 case, or a motion for postconviction relief in a misdemeanor case must be initiated within the time periods specified in Rule 809.30 and are governed by the procedures specified in Rules 809.30 to 809.32."

| PRIVATE ATTORNEY OR PRO SE | PUBLIC DEFENDER |
|---|---|
| 45 days after sentencing to order transcript of reporter's notes | 45 days after sentencing to ask for public defender representation; determine indigency; order transcript |
| 40 days for service of transcript | 40 days for service of transcript |
| 30 days for notice of appeal to be filed | 30 days for notice of appeal to be filed |
| 115 days maximum total | 115 days maximum total |

Sec. 48.43(6), Stats., was subsequently enacted by the legislature, effective September 1, 1980, with the obvious commendable purpose of shortening the appeal time in termination of parental rights cases. However, rather than adopt a separate and specific appeal procedure for such cases, the legislature linked the appellate process for termination cases to the criminal appeal procedures adopted by rule of this court for criminal case appeals, as well as appeals arising from ch. 48, 51 or 55 cases. By enacting sec. 48.43(6), the legislature shortened the time period to 30 days only in termination cases. Sec. 48.43(6) directed an appellant to sec. 48.47 which directed the appellant to Rule 809.40 which finally directed the appellant to Rule 809.30.

In termination cases, the time was limited by sec. 48.43(6), Stats., by the following language: "appeal shall be taken within 30 days of the date the order is entered."

The legislature did not define what was meant by "appeal shall be taken." Respondent interpreted that to mean the notice of appeal had to be filed within 30 days after the order of termination was entered. The court of appeals agreed with this interpretation holding that appellant's appeal was not timely taken, since she had not

filed the notice of appeal within 30 days after the termination order was entered on January 28, 1981.

If that interpretation were an accurate representation of the legislature's intent in enacting sec. 48.43(6), Stats., and channeling it through sec. 48.47 to Rule 809.40 to Rule 809.30, the following time limits would result:

| PRIVATE ATTORNEY OR PRO SE | PUBLIC DEFENDER |
|---|---|
| 30 days for notice of appeal and order transcript | 30 days to ask for public defender representation; determine indigency; order transcript |
| 40 days for service of transcript | 40 days for service of transcript |
| 70 days maximum total | 70 days maximum total |

This reasoning would require that the request be made for public defender appellate representation almost immediately after entry of the termination order, which would be reasonable, except the public defender must make a new determination of indigency before representing the person on appeal. The indigency investigation and determination made for trial representation cannot be used in the appeal process. Rule 809.30(1) (c), Stats., reads:

"(c) If the defendant claims or appears to be indigent and wishes to have publicly compensated counsel to represent the defendant in seeking postconviction relief, the defendant shall notify the state public defender within 45 days of the date of sentencing or imposition of fine or probation. The state public defender shall determine the defendant's indigency and appoint counsel as provided in ch. 977, and at the same time shall request the court reporter to prepare the transcript of notes of the proceedings in the case."

In addition, appellate counsel must be appointed by the public defender and a simultaneous request must be made for the transcript of the proceedings in the case.

This interpretation of sec. 48.43(6), Stats., would require the public defender to file the notice of appeal before having the transcript of the trial proceedings. That would be inconsistent with the mandate of the legislature establishing that the public defender's appeals be prosecuted by that office only if it is satisfied the appeal has arguable merit, sec. 977.05(4)(j).[5] There is no way appellate counsel can determine if there is arguable merit for the appeal without either having been the trial attorney or reading the transcript.

The design of the legislature in creating the public defender's office and establishing its duties recognized separate divisions of attorneys for trial representation and appellate representation. In sec. 977.08(5), Stats., the provision was made for a percentage of appointments of private counsel by the public defender in trial court matters; in sec. 977.08(6)(a),[6] the percentage requirements under subsec. (5) are made nonapplicable to appellate or postconviction cases. Therefore, the legislature did not contemplate appointed trial counsel following the case into the appellate procedure.

Therefore, in sec. 48.43(6), Stats., when the legislature stated, "except that appeal shall be taken within 30 days of the date the order is entered," it reasonably

---

[5] Sec. 977.05(4)(j), Stats., provides:

"(j) At the request of any person determined by the state public defender to be indigent or upon referral of any court to prosecute a writ of error, appeal, writ of habeas corpus or other post-conviction or post-commitment remedy on behalf of such person before any court, if the state public defender is first satisfied there is arguable merit to such proceedings."

[6] Sec. 977.08(6)(a), Stats., provides:

"(6)(a) The percentage requirements under sub. (5) do not apply to appellate or postconviction cases."

meant the appeal process in a termination of parental rights case must be commenced in 30, rather than 45, days after the order of termination is entered. The following was therefore intended by the legislature:

| PRIVATE ATTORNEY OR PRO SE | PUBLIC DEFENDER |
|---|---|
| 30 days (not 45) to determine representation terms; to order transcript | 30 days (not 45) to ask for representation; to determine indigency; to order transcript |
| 40 days for service of transcript | 40 days for service of transcript |
| 30 days for notice of appeal to be filed | 30 days for notice of appeal to be filed |
| 100 days maximum total | 100 days maximum total |

Accordingly, the legislature in enacting sec. 48.43(6), Stats., has lessened the time in the appeal process in termination cases by 15 days reducing the time for taking appeal from 45 days to 30 days. The meaning of the phrase "appeal shall be taken" of sec. 48.43(6) is thereby harmonized with the applicable language of Rule 809.30 (1)(a), wherein the legislature uses the phrase "must be taken." Through this interpretation, this court harmonizes sec. 48.43(6) and Rule 809.30 and makes order out of what would otherwise have been chaos. *See, Landvatter v. Globe Security Ins. Co.,* 100 Wis. 2d 21, 25, 300 N.W.2d 875 (Ct. App. 1980); *Town of Vernon v. Waukesha County,* 99 Wis. 2d 472, 481, 299 N.W.2d 593 (Ct. App. 1980); *Glinski v. Sheldon,* 88 Wis. 2d 509, 519, 276 N.W.2d 815 (1979); *State v. Wachsmuth,* 73 Wis. 2d 318, 325–26, 243 N.W.2d 410 (1976). If the legislature had intended that the notice of appeal in termination cases had to be filed within 30 days after the entry of the order, it would have so stated, though it would then

have created a conflict with other statutes and rules of appellate practice adopted by this court for ch. 48 cases.

The petitioner has raised other issues of due process violation, infringement of parents' statutory right to counsel in termination cases in ch. 48, Stats., deprivation of effective assistance of counsel, equal protection violation and failure of the trial court to advise petitioner properly of her appellate rights. The court does not reach those issues, since due to the ambiguity of sec. 48.43 (6), and its interpretation by the court of appeals, which we reverse, the petitioner was deterred from strict compliance with its requirements but did file her notice of appeal within 30 days of the receipt of the transcript and, therefore, under all the circumstances, her appeal is declared timely.

*By the Court.*—The decision of the court of appeals is reversed and the case is remanded to the court of appeals for determination of petitioner's appeal on the merits from the trial court order of Racine county.