## Jill HULSEY, Plaintiff-Respondent,

### v.

## AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Appellant.†

Court of Appeals

*No. 87–0552. Submitted on briefs September 23, 1987.—Decided December 16, 1987.*

(Also reported in 419 N.W.2d 288.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Randy S. Parlee* and *Timothy J. Pike* of *Peterson, Johnson & Murray, S.C.,* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Duane L. Arena, S.C.,* of Racine.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   This is an uninsured motorist benefit case where the insurer attempts to avoid coverage based on a policy provision excluding resident relatives who own their own car. We conclude that using the exclusionary provision for this purpose is contrary to public policy. We affirm the trial court as to this facet of the appeal.

The facts are stipulated. Jill Hulsey was a passenger on a motorcycle driven by Robert Amaya when it was involved in a single vehicle accident resulting

from Amaya's negligence. Amaya had no liability insurance. Hulsey had in effect an insurance policy on an automobile she owned providing uninsured motorist coverage of $25,000 per person. The policy was issued by American Family Mutual Insurance Company which paid her the $25,000.

The parties have stipulated that Hulsey's damages, however, exceed $125,000. She claims entitlement to additional benefits pursuant to a separate American Family policy issued to her father with uninsured motorist benefits of up to $100,000 per person.

American Family has denied payment on the father's policy claiming that the daughter is not an insured under that policy. In the trial court, both parties moved for summary judgment, and Hulsey's motion was granted while American Family's was denied. American Family appeals.

The policy provisions relied upon by American Family state:

1. Insured person means:

a. You or a relative.

b. Anyone else occupying your insured car.

c. Anyone entitled to recover damages due to bodily injury to you, a relative, or another occupant of your insured car.

. . . .

3. Relative means a person living in your household, related to you by blood, marriage or adoption. This includes a ward or foster child. It does not include any person who, or whose spouse, owns a car except while using your insured car.

American Family underscores the fact that Jill Hulsey, although a resident of her father's household, owned her own car. American Family argues that before an insured's resident relative can claim benefits from the uninsured motorist coverage of the insured's policy, the relative must first show that he or she is protected *for liability* under that same policy. Because she owned her own car and was not using her father's car when injured, American Family concludes that Jill Hulsey was not insured for liability under the clear terms of her father's policy.

In support of its argument, American Family seizes upon language from *Welch v. State Farm Mut. Auto. Ins. Co.,* 122 Wis. 2d 172, 361 N.W.2d 680 (1985), a landmark Wisconsin case on the subject of stacking uninsured motorist coverage. The supreme court wrote that "once uninsured motorist coverage is purchased, the insured, and his or her relatives *insured for liability,* have uninsured motorist protection under all circumstances." *Id.* at 181, 361 N.W.2d at 684 (emphasis added).

The policy exclusion on its face prohibits Jill Hulsey from being insured for liability under her father's policy. However, we must consider whether a provision prohibiting relatives who own their own cars from enjoying uninsured motor vehicle coverage on a resident relative's policy is contrary to public policy.

In deciding the public policy question, we find it helpful to give a brief overview of what actions by the insurance industry are considered contrary to public policy by our legislature, and consequently by our courts.

First, we observe that uninsured motorist coverage is a type of indemnity insurance; that is, it

provides security against loss only after the person indemnified sustains a loss. Liability insurance, on the other hand, is not an indemnity against loss, but is designed to shield the insured from liability irrespective of whether the insured has suffered actual loss. *See Landvatter v. Globe Sec. Ins. Co.,* 100 Wis. 2d 21, 26, 300 N.W.2d 875, 878 (Ct. App. 1980).

The distinction between indemnity insurance and liability insurance is significant here because it points out that within the four corners of one automobile policy may rest different forms of insurance.

Exclusions within a policy are designed to limit coverage so that insurers are not exposed to risks that they did not contract to undertake. *See Tisdale v. Hasslinger,* 79 Wis. 2d 194, 198, 255 N.W.2d 314, 316 (1977). In the absence of contrary authority, policy exclusions and limitations are valid as applied to most forms of insurance, 2 G. Couch, Cyclopedia of Insurance Law § 15.48 (2d ed. 1981), and can usually limit both the indemnity provisions and liability provisions that lie within the four corners of the policy.

Thus, in the normal situation, an insurer may write an exclusion applicable to any policy provision, no matter what its form, so as to prevent aggregation of benefits with another policy. 12A G. Couch, Cyclopedia of Insurance Law § 45:651 (2d ed. 1981); 15A G. Couch § 56:34. Reducing clauses are often written into an insurance contract to effect this exact purpose. *Cf. id.*

In Wisconsin, however, there is an exception to this rule regarding indemnity insurance in the form of uninsured motor vehicle coverage. The legislature has

promulgated sec. 632.32(4)(a), Stats.,[2] which mandates uninsured motor vehicle coverage in every automobile policy. Of equal importance, the legislature has enacted sec. 631.43, Stats.,[3] prohibiting insurers from cir-

---

[2]Section 632.32(4), Stats., provides in part:

(4) REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:

(a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident. The insurer may increase the coverage limits provided under this paragraph up to the bodily injury liability limits provided in the policy.

[3]Section 631.43, Stats., provides:

Other insurance provisions. (1) GENERAL. When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no. "other insurance" provisions. The policies may by their terms define the extent to which each is primary and each excess, but if the policies contain inconsistent terms on that point, the insurers shall be jointly and severally liable to the insured on any coverage where the terms are inconsistent, each to the full amount of coverage it provided. Settlement among the insurers shall not alter any rights of the insured.

(2) FRAUD AS A DEFENSE. Subsection (1) does not affect the right of an insurer to defend against a claim under the policy on the ground of fraudulent misrepresentation.

(3) EXCEPTION. Subsection (1) does not affect the rights of insurers to exclude coverages under s. 632.32(5)(b) and (c).

cumscribing the aggregation of *uninsured motorist benefits. Welch,* 122 Wis. 2d at 177, 361 N.W.2d at 683.

Thus, in Wisconsin, exclusionary clauses that may otherwise be valid in limiting the aggregation of benefits in multiple policies, or within the same policy, are not valid when attempting to limit uninsured motorist coverage. *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 594, 405 N.W.2d 327, 332 (1987). It is a prohibited practice in Wisconsin for an insurer to deny, by policy limitation, the personal and portable nature of the indemnity insurance known as uninsured motorist protection. *See Welch* at 179, 361 N.W.2d at 684. The personal and portable nature of uninsured motorist protection is allowed by law to exist. This means that an insured may "carry" this particular part of the insurance policy and place it on top of other insurance policies providing similar coverage, even though prohibiting clauses exist regarding the rest of a policy. *Cf. id.* at 180–81, 361 N.W.2d at 684–85.

Recent case law buttresses the above analysis. For instance, the very clause in dispute in this case has been held to be valid as part of the more general "drive other cars" exclusion when related to *liability* insurance. Both the supreme court in *Schwochert v. American Family Mut. Ins. Co.,* 139 Wis. 2d 335, 347–48, 407 N.W.2d 525, 530–31 (1987), and this court in *State Farm Mut. Auto. Ins. Co. v. Rechek,* 125 Wis. 2d 7, 10–11, 370 N.W.2d 787, 789–90 (Ct. App. 1985), have reiterated the rationale for the above provisions as valid for the nonportable liability policy. In *Rechek,* this court explained:

The purpose of the policy provision in question is to provide "drive-other-cars" *liability coverage* to a resident relative so long as the relative does not acquire and operate his or her own auto. In that case, the relative should insure his or her own vehicle and thereby obtain "drive-other-cars" coverage through the independent policy. The principal purpose of an independent policy for the relative who obtains an automobile is to provide coverage for that automobile should it become involved in an accident or other mishap. Without these limitations, a person could purchase just one policy on only one automobile and cover relatives using other automobiles frequently driven or at least having the opportunity to be driven.

*Id.* (emphasis added) (citations omitted).

Insurers should not be exposed to the extra risk *of liability* when relatives are driving their own cars unless the insurers so agree. Fairness dictates that liability insurance always be linked to a particular vehicle, so that no one obtains a "free ride"—that is, obtains liability protection when operating a vehicle without paying for protection on that vehicle. Such policy language is therefore based upon a valid purpose that has been recognized in this state. Not only have "drive other car" exclusions been upheld, but so also have "other insurance" provisions been sustained regarding liability policies. *See Schoenecker v. Haines,* 88 Wis. 2d 665, 670–71, 277 N.W.2d 782, 785 (1979).

Additionally, a "drive other car" provision has been held to be a valid limitation of an otherwise portable provision. In *Schwochert,* 139 Wis. 2d at 350–51, 407 N.W.2d at 532, the supreme court upheld

the limitation for underinsurance and did not allow stacking as long as the policy did not permit it.

These same exclusions, however, have not been approved when used to prevent the aggregation of uninsured motorist benefits. In *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 167–68, 361 N.W.2d 673, 678 (1985), "other insurance" clauses were invalidated by the supreme court when they were used in an attempt to prevent stacking of two uninsured motorist coverages from the same carrier. In *Landvatter*, 100 Wis. 2d at 22–23, 300 N.W.2d at 876, "other insurance" clauses were held not to prevent stacking even if different insurance carriers were involved. In *Welch*, 122 Wis. 2d at 181, 361 N.W.2d at 685, the insurer's reliance upon a "drive other car" exclusion to prohibit stacking was held to be prohibited by sec. 631.43(1), Stats.

In Jill Hulsey's case, she seeks to stack the uninsured motorist coverage of her father's policy on top of her own uninsured motorist policy.

This undertaking cannot be circumvented by American Family. The provision in her father's policy that denies her coverage as a relative driving her own car, as a matter of public policy, may only be applied to insurance provisions in the father's insurance contract that lie outside of the uninsured motorist protection.

To allow the exclusions to apply to uninsured motorist benefits would mean that the clause *is* being used to prevent the family protection afforded to an insured and his resident relatives—protection against injuries resulting from the negligence of an uninsured motorist. Such action is impermissible under secs.

631.43(1) and 632.32(4)(a), Stats. *See Nicholson,* 137 Wis. 2d at 594, 405 N.W.2d at 332.

We conclude that while there is ample justification for excluding relatives from asserting liability protection on collateral provisions of an insurance policy when they own their own cars, public policy prohibits excluding this class of relatives from being covered under their relative's policy for the purpose of stacking uninsured motorist benefits.

As a separate issue, American Family argues that Jill Hulsey is not protected under the underinsured provisions of her father's policy. American Family notes that the only vehicle involved in the accident was an uninsured motorcycle. American Family concludes that because no underinsured vehicle was involved, the underinsurance provisions of the policy do not pertain.

■

With this argument we concur. The policy agrees to pay damages that the insured person would legally be entitled to "from the owner or operator of an underinsured motor vehicle." In other words, the question is whether the tortfeasor's vehicle was underinsured, not whether the victim's own insurance is insufficient. Hulsey's argument that the father's underinsurance provision should apply because *her* insurance is not enough to pay her damages is contrary to the meaning of underinsurance. We reverse this portion of the trial court judgment and remand with directions to enter judgment for American Family regarding the underinsurance issue.

No costs to either party.

*By the Court.*—Judgment affirmed in part, reversed in part.