Jeffrey PATRAW, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE CO., Defendant-Respondent.†

Court of Appeals

*No. 93–3436–FT. Submitted on briefs April 22, 1994.—Decided June 1, 1994.*

(Also reported in 519 N.W.2d 643.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Ardell W. Skow* of *Doar, Drill & Skow, S.C.* of Baldwin.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James O. Moermond, III* of *Eckert & Stingl* of Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.  Jeffrey Patraw appeals a summary judgment entered in favor of American Family Mutual Insurance Company.[1] Patraw argues that the trial court erred when it concluded that there was no under-insured motorist (UIM) coverage for Patraw's injuries. We agree and therefore reverse.

The facts of this case are not in dispute. Patraw was a passenger in a one vehicle accident and suffered

---

[1] This is an expedited appeal under Rule 809.17, STATS.

a number of injuries as a result. The driver of the vehicle had a liability policy that was insufficient to compensate Patraw for his injuries.

At the time of the accident, Patraw's father, Jerry Patraw, had insurance on two vehicles under which Jerry was the named insured. Both of the policies provide UIM coverage. Patraw lived with his parents and made a claim on these policies as a resident relative. American Family denied his claim based on an "other owned vehicle" exclusion. This definitional exclusion states: "Relative means a person living in your household, related to you by blood, marriage or adoption. This includes a ward or foster child. It does not include any person who, or whose spouse, owns a car except while using your insured car." Because Patraw owned his own vehicle at the time of the accident, the trial court granted American Family's motion for summary judgment based on this exclusion.

Our review of a summary judgment is de novo. *Carl v. Spickler Enter., Ltd.*, 165 Wis. 2d 611, 618, 478 N.W.2d 48, 51 (Ct. App. 1991). The record reveals no material issue of disputed fact; the only issue is the legal question of the validity of the other-owned-car exclusion in American Family's policy. The interpretation of an insurance contract presents a question of law. *Katze v. Randolph & Scott Mut. Fire Ins. Co.*, 116 Wis. 2d 206, 212, 341 N.W.2d 689, 691 (1984). When reviewing a summary judgment determination, we will reverse where the trial court has incorrectly decided a legal issue. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 297, 349 N.W.2d 733, 735 (Ct. App. 1984).

Patraw argues that the own-other-car exclusion is invalid under § 631.43, STATS., which provides in part:

**(1) General.** When 2 or more policies promise to indemnify an insured against the same loss, no "other insurance" provisions of the policy may reduce the aggregate protection of the insured below the lesser of the actual insured loss suffered by the insured or the total indemnification promised by the policies if there were no "other insurance" provisions.

In *Rodey by Richardson v. Stoner*, 180 Wis. 2d 309, 313, 509 N.W.2d 316, 317 (Ct. App. 1993), this court concluded that a definitional exclusion amounting to a drive-other-car exclusion was invalid under § 631.43. There is no significant distinction between this case and *Rodey*. In both of these cases there are at least two policies that promised to indemnify an insured against the same loss, that is two or more policies provide UIM coverage. In *Rodey*, we concluded that an exclusion did not become valid merely because it was labeled as a definition. *Id.* The same reasoning applies here. Even though this definitional exclusion is not termed a "drive-other-car exclusion," even American Family asserts that the definition is in essence such an exclusion.

■

*Hulsey v. American Family Mut. Ins. Co.*, 142 Wis. 2d 639, 419 N.W.2d 288 (Ct. App. 1987), further supports Patraw's argument. In *Hulsey*, this court concluded that the same definitional exclusion at issue here was invalid when applied to the uninsured motorist (UM) coverage provided in the policy. *Id.* at 647-48, 419 N.W.2d at 291-92. Although this case deals with UIM coverage, subsequent to *Hulsey*, it has been determined that there is no distinction between UM and UIM coverage when applying § 631.43, STATS. *See West Bend Mut. Ins. Co. v. Playman*, 171 Wis. 2d 37, 42, 489

N.W.2d 915, 917 (1992); *Wood v. American Fam. Mut. Ins. Co.*, 148 Wis. 2d 639, 647, 436 N.W.2d 594, 597 (1989).[2]

Finally, American Family contends that § 631.43, STATS., does not apply because, due to the exclusion, Patraw is not "an insured." Although we agree that the policy language suggests that Patraw is not covered by the policy, the history behind and the purpose of § 631.43 requires that the exclusion be held invalid. To conclude otherwise would provide insurance companies with a simple way to circumvent the consequences of § 631.43. We refuse to do so.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

---

[2] American Family also contends that *Schwochert v. American Family Mut. Ins. Co.*, 139 Wis. 2d 335, 407 N.W.2d 525 (1987), requires that the exclusion be upheld as valid. We disagree. Unlike this case, in *Schwochert*, there were not two policies promising to indemnify an insured against the same loss.